Frances Arroyo
Los Angeles Legal Advocates
1025 W 190th St
Suite 400
Gardena, CA 90248

Natalie Renee Shepherd
Of Counsel
(805) 907-5309
NatalieReneeShepherd@gmail.com

*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL BLANCO,<br><br>      Petitioner,<br><br> vs.<br>FERETI SEMAIA, WARDEN OF THE GEO GROUP ADELANTO ICE PROCESSING CENTER,<br><br>DAVID MARIN, DIRECTOR OF LOS ANGELES FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;<br><br>KRISTI NOEM, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; AND<br><br>PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES,<br><br>IN THEIR OFFICIAL CAPACITIES,<br><br>      Respondents | DECLARATION OF NATALIE RENEE SHEPHERD<br><br>IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65(b) AND E.D. CAL. L.R. 231<br><br>**Case No.** 2:26-cv-01096 |

DECLARATION OF NATALIE RENEE SHEPHERD
1

**DECLARATION OF NATALIE RENEE SHEPHERD**

I, Natalie Renee Shepherd, declare as follows:

1. I am Of Counsel for Petitioner Joel Blanco in this action. I submit this declaration pursuant to Federal Rule of Civil Procedure 65(b)(1) and Central District of California Local Rule 65-1 to certify (1) the efforts made to provide notice, (2) the reasons notice should not delay relief, and (3) the immediate and irreparable injury warranting ex parte issuance of a Temporary Restraining Order.

2. As of the filing of this declaration, no attorney has appeared on behalf of Respondents from the United States Attorney's Office in this matter, and no judicial officer has yet been assigned to the case.

3. On February 5, 2026, at approximately 4:45 p.m. Pacific Time, I provided notice to the United States Attorney's Office of Petitioner's intent to file an Ex Parte Application for a Temporary Restraining Order in conjunction with his previously filed Petition for Writ of Habeas Corpus.

4. Notice was provided by email to u"USACAC.Habeas@usdoj.gov and OIL-DCS CACD <oil-dcs.cacd@usdoj.gov. It included Petitioner's name (Joel Blanco), case number (2:26-cv-01096), and A-number (A# 240-500-187).

5. In that correspondence, I advised that Petitioner has lived in the United States for decades, was arrested in the interior of Los Angeles, and is currently detained under 8 U.S.C. § 1225(b) without any individualized custody determination, despite being statutorily and constitutionally governed by 8 U.S.C. § 1226(a).

6. I further advised that the forthcoming TRO application would seek the following relief: (a) Petitioner's immediate release from immigration custody, or, in the alternative, an order requiring an individualized custody hearing under 8 U.S.C. § 1226(a) within seven (7) days; (b) an order enjoining Respondents from transferring Petitioner out of this District or removing him from the United States while this action is pending; and (c) an order enjoining Respondents from continuing to detain Petitioner under 8 U.S.C. § 1225(b).

DECLARATION OF NATALIE RENEE SHEPHERD
2

7. In that correspondence, I requested that the Government promptly advise whether it intended to oppose the TRO application.

8. As of the filing of this declaration, I have received no response from the Government, and Respondents have not indicated whether they intend to oppose the requested relief.

9. I certify that I provided the earliest practicable notice under the circumstances. Ex parte consideration is necessary because Petitioner is currently detained without any individualized custody determination, and requiring him to await full adversarial briefing would result in continued and irreparable deprivation of liberty before Respondents could be heard.

10. **Rule 65(b)(1)(A) Immediate and Irreparable Injury:** Petitioner has been detained despite living in the United States for decades, maintaining deep family and community ties, and presenting no danger or flight risk. He remains confined without a constitutionally adequate custody hearing and faces an ongoing risk of transfer at any time.

11. As a result of his continued detention, Petitioner is suffering immediate and irreparable harm, including separation from his U.S.-citizen family, loss of employment and income, emotional harm to his children, and continued deprivation of physical liberty without due process.

12. Because Petitioner is detained at the Adelanto ICE Processing Center, he faces a real and imminent risk of transfer to a distant facility without notice, which would further interfere with access to counsel and frustrate this Court's ability to provide meaningful relief.

13. These injuries are immediate, ongoing, and irreparable, and cannot be remedied through later relief.

14. If the Court requires additional notice prior to ruling, I will immediately contact Respondents to arrange same-day communication. However, delaying relief until Respondents are able to respond would prolong Petitioner's unlawful detention and exacerbate the irreparable harms described herein.

15. I will promptly serve Respondents with all filed documents—including the TRO application, supporting declarations, and proposed order—immediately upon filing.

I declare under penalty of perjury that the foregoing is true and correct

DATED: February 6, 2026

Natalie Renee Shepherd
Of Counsel
(805) 907-5309
NatalieReneeShepherd@gmail.com

DECLARATION OF NATALIE RENEE SHEPHERD
4