UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:26-cv-01096-JLS-AS                                        Date: February 13, 2026
Title:  Joel Blanco v. Fereti Semaia et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING IN PART PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Doc. 4.)**

   Before the Court is an Ex Parte Application for a Temporary Restraining Order filed by Petitioner Joel Blanco.  (TRO App., Doc. 4.)  Respondents Pamela Bondi, David Marin, Kristi Noem, and Fereti Semaia filed a Reply on February 11, 2026.  (Reply, Doc. 7.)  For the reasons described below, the Court GRANTS the alternative request for a prompt bond hearing.

I.   **BACKGROUND**

   Petitioner Joel Blanco is a citizen of El Salvador who has lived in the United States for more than twenty-two years, having entered the country around 2002–03.  (TRO App. ¶ 5.)  Blanco was detained following a routine traffic stop, and he has been in ICE custody since December 23, 2025.  (*Id.* ¶ 6.)  While Blanco has requested and been denied release, he has not been granted an individualized bond hearing before a neutral decisionmaker.  (*Id.* ¶ 10.)  Though he is detained pursuant to 8 U.S.C. § 1225(b), Blanco argues that his detention is properly governed by § 1226(a), which entitles him to a bond hearing.  (*Id.* ¶¶ 1–2.)  On February 3, 2026, Blanco filed his underlying Petition for a Writ of Habeas Corpus, challenging his ongoing detention.  (Pet., Doc. 1.)  Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-01096-JLS-AS                                                          Date: February 13, 2026
Title:  Joel Blanco v. Fereti Semaia et al

requests immediate release or, alternatively, a bond hearing within seven days.  (Pet. at 11–12, TRO App. at 4.)

## II.     LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held."  *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest."  *Winter*, 555 U.S. at 22.  This "requires the plaintiff to make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge" when a TRO is sought against the government.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-01096-JLS-AS                                                            Date: February 13, 2026
Title:  Joel Blanco v. Fereti Semaia et al

### III.    ANALYSIS

In reply, Respondents concede that "Petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d. ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025.)"  (Reply at 1.)  There, another Court in this district certified a class including those who, like the petitioner here, were detained pursuant to 8 U.S.C. § 1225(b)(2) without a bond hearing as required by 8 U.S.C. § 1226(a) pursuant to a new policy proffered by the Department of Homeland Security ("DHS").  2025 WL 3288403, at *8–9.  On December 18, 2025 the *Bautista* court granted declaratory judgment in favor of the Bond Eligible Class, and vacated the DHS policy under the APA.  *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d. ---, 2025 WL 3713987, at *11, 32 (C.D. Cal. Dec. 18, 2025).  Petitioner's claim in this action appears to be subject to the *Bautista* judgment.

The Court agrees with Respondents that Petitioner is a member of the *Bautista* Bond Eligible Class and therefore is likely to succeed in challenging his continued detention without a hearing.  While Respondents do not raise the legal issues addressed by *Bautista* independently here, numerous Courts in this district have done so and granted similar TRO requests.  *See, e.g.*, *Mosqueda v. Noem*, 5:25-cv-02304-CAS-BFM, 2025 WL 2591530, at *4–5 (C.D. Cal. Sept. 8, 2025); *Vasquez v. Noem*, 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at *4–5 (C.D. Cal. Nov. 19, 2025); *Vishal Vishal v. Warden, Adelanto ICE Processing Ctr.*, 5:26-cv-269-MWF-DFM, 2026 WL 300263, at *1 (C.D. Cal. Feb. 3, 2026) (collecting cases). Independently of the *Bautista* judgment, the Court agrees with the reasoning of fellow courts in this district reached over the course of a high volume of litigation.

The remaining *Winter* factors also counsel in favor of a TRO.  Petitioner's continued detention without a hearing constitutes a loss of liberty that is irreparable.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury'").  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-01096-JLS-AS                                                           Date: February 13, 2026
Title:  Joel Blanco v. Fereti Semaia et al

balance of equities and public interest weigh in favor of a TRO because "petitioners challenge a policy that is likely in violation of federal law."  *Mosqueda*, 2025 WL 2591530, at *6; *see also Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("neither equity nor the public's interest are furthered by allowing violations of federal law to continue.").

For these reasons, Petitioner's Motion for a TRO is GRANTED in part.  The Court ORDERS as follows:

- Respondents are ENJOINED from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of this Order.

- Respondents are ORDERED TO SHOW CAUSE, in writing, no later than February 20, 2026, as to why a preliminary injunction should not issue, also addressing whether the issue is moot.  Petitioner may file a response by February 24, 2026.  The Court SETS A HEARING on whether a preliminary injunction should issue on March 4, 2026, at 10:30am in Courtroom 8A.

- Respondents are ENJOINED from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case.

- Proceedings on the merits of Petitioner's underlying Habeas Petition will continue before the Magistrate Judge.

                                                                                  Initials of Deputy Clerk: kd